| | |
|---|---|
| OBAYASHI CORPORATION,<br><br>              Plaintiff,<br><br>   v.<br><br>CHARTIS SPECIALTY INSURANCE COMPANY,<br><br>              Defendant. | C11-962 TSZ<br><br>ORDER |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THIS MATTER comes before the Court on Plaintiff's Motion for Sanctions, docket no. 35. The Court has reviewed the motion, opposition, and reply, and all pleadings relating to the motion, and now enters the following Order.

**I.**     **<u>Background</u>**

Plaintiff filed this action on June 9, 2011, docket no. 1, seeking a declaratory judgment relating to insurance coverage under a Primary Commercial General Liability Insurance Policy and an Excess Liability Policy (the "AISLIC Policies") issued by

ORDER - 1

defendant Chartis Specialty Insurance Company ("Chartis") to Central Puget Sound Regional Transit Authority ("Sound Transit") and the Obayashi Corporation ("Obayashi"), a general contractor.  Obayashi was hired to excavate tunnels through Beacon Hill in Seattle to accommodate the light rail system and to construct the Beacon Hill Station.  The complaint also alleges breach of contract, bad faith, and violation of both the Washington Consumer Protection Act and the Washington Insurance Fair Conduct Act.  On September 27, 2011, defendant filed its answer to the complaint, docket no. 11, including 50 separate affirmative defenses.  On April 5, 2012, defendant filed its First Amended Answer, docket no. 28, withdrawing affirmative defenses 19 and 27 and renumbering all the remaining affirmative defenses.  There are now 48 affirmative defenses pleaded by defendant.  The 48 affirmative defenses can be categorized as (1) affirmative defenses relating to damages or causation, or that are merely boilerplate affirmative defenses, (2) coverage-related affirmative defenses, and (3) legal challenges to the complaint.

On February 8, 2012, plaintiff Obayashi filed notice for a Rule 30(b)(6) deposition of defendant's corporate designee on various topics.  Topic 14 stated that Obayashi would seek testimony regarding "all facts and the identity of witnesses supporting the assertion of affirmative defenses stated in Chartis's responsive pleadings."  See docket no. 20-4 at 80.  A dispute arose over the location of the deposition, the amount of time for taking the deposition, and whether defendant would produce a 30(b)(6) witness relating to Topic 14.  The defendant took the position that no witness would be produced regarding Topic 14.  In substance, defendant argued that it was impermissible to ask the

ORDER - 2

witness about facts supporting the affirmative defenses and that this information should be obtained through written interrogatories.  See Crisera Decl., docket no. 30, Ex. B (letter dated April 18, 2012).  As a result, on April 19, 2012, plaintiff filed its Motion to Compel, docket no. 30, which asked the Court to compel discovery by deposition of the factual bases for Chartis Specialty's affirmative defenses.  On March 2, 2012, defendant filed its opposition, docket no. 31, and argued that the motion to compel a FRCP Rule 30(b)(6) designee to answer deposition questions, regarding facts supporting affirmative defenses, should be denied "because such questions are impermissible legal conclusions."  See opposition, docket no. 31, at 5.  Defendant also contended in the alternative, that plaintiff's initial disclosures were incomplete and defendant's 30(b)(6) witness would "not yet have sufficient information . . . to allow the Fed. R. Civ. P. 30(b)(6) designee to testify as to facts supporting particular affirmative defenses."  Opposition, docket no. 31 at 7.

On May 8, 2012, the Court entered a Minute Order, docket no. 34, providing, in part, that "the motion to allow inquiry into the factual basis for defendant's affirmative defenses is granted."  Thereafter, on May 10, 2012, the defendant's 30(b)(6) witness, Ms. Pappalardo, was produced and testified in Boston about Topics 1-13 of the Notice, but Chartis refused during the deposition to allow the witness to answer questions about the factual basis for Chartis's affirmative defense:

> [COUNSEL FOR CHARTIS]: I told you that she was not going to be testifying on Category 14 . . . .  I'm going to instruct her not to answer . . . .

See Tr. at 223:20-25, Ex. A to Harper Decl.

ORDER - 3

## II. <u>Analysis</u>

Chartis purposefully violated this Court's May 8, 2012, Order, docket no. 34, based on the arguments already rejected by the Court in issuing said Order. Fed. R. Civ. P. 37(b)(2) authorizes courts to sanction a party who "fails to obey an order to provide or permit discovery" and allows sanctions including striking defenses in whole or in part. Fed. R. Civ. P. 37(b)(2)(iii). In the Ninth Circuit, dismissal, striking pleadings, default judgment, and similar dispositive sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 905 (9th Cir. 2002). In contrast, monetary sanctions are required unless the failure to obey "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In this case, defendant answered the complaint on September 27, 2011, and originally raised 50 affirmative defenses. This pleading, subject to Rule 11, necessarily included defendant's certification, "after an inquiry reasonable under the circumstances" that the defenses were warranted, and that any factual contention had "evidentiary support." <u>See</u> Fed. R. Civ. P. 11(b)(3).

Any factual basis for the coverage-related defenses were or should have been generally known to Chartis at the time it filed its Answer. Insurance companies are in the business of analyzing the facts surrounding a claim and providing the insured with the basis for any policy dispute. Chartis cannot be heard to argue it was burdensome to require the 30(b)(6) witness to answer questions relating to the factual basis for its

numerous coverage-related affirmative defenses.  Chartis had sufficient time and an affirmative duty to prepare its witness to testify about all topics in the notice for deposition.  See U.S. Equal Emp't Opportunity Comm'n v. Caesars Entm't, Inc., 237 F.R.D. 428, 435 (D. Nev. 2006).

Defendant argues this Court's Order of May 8 did not state testimony regarding Topic 14 had to be provided on May 10.  Opposition, docket no. 37 at 5.  The very substance of the motion to compel and the Court's Order related to whether or not plaintiff could inquire about the factual basis of defendant's affirmative defenses that had been raised in defendant's answer filed more than 7 months before the deposition and 3 months after the first notice of deposition.  The Court's Order granted the motion and allowed the inquiry.  Defendant chose to intentionally prevent the authorized discovery at the May 10, 2012, deposition.[1]

This case is now set for trial on April 8, 2013.  The discovery deadline is November 13, 2012.  The Court must determine whether sanctions are appropriate.  The Court has considered striking each of the affirmative defenses pleaded by defendant.  The Court concludes, however, that less drastic sanctions are appropriate in this case.  The public interest favoring disposition of cases on the merits and the availability of less drastic sanctions counsel in favor of monetary sanctions.  See Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994).

---

[1] The parties had previously disputed the location of the deposition and the Court allowed defendant to produce the witness in Boston because of health-based travel restrictions of the witness.  Plaintiff's counsel traveled to Boston and was willing to remain in Boston to continue the deposition pursuant to the Court's Minute Order limiting time on the first day to 7 hours.

ORDER - 5

Therefore IT IS ORDERED as follows:

(1) Chartis and its attorneys are deemed in contempt of this Court's Order of May 8, 2012, docket no. 34.  The Court will impose monetary sanctions against defendant Chartis Specialty Insurance Company and its counsel, Herold & Sager, as set forth in paragraphs 2 and 4, which shall be payable to plaintiff.

(2) Defendant shall produce a Rule 30(b)(6) witness for a video deposition within 30 days of this Order for purposes of allowing plaintiff to examine the witness relating to the factual basis for all affirmative defenses.  The deposition will take place in Seattle unless the witness is unable to travel to Seattle for health reasons.  In the event the witness tendered by defendant is unable to travel to Seattle, the Court will assess against defendant the costs of travel to Boston for plaintiff's counsel, including airfare, car rental or other transit, lodging, and meal expenses.  The Court also orders that defendant pay reasonable attorney's fees in connection with any travel time and all reasonable attorney's fees incurred in the taking of the deposition.  The deposition may take up to 10 hours, but not more than 7 hours per day.

(3) The Court advises defendant that the Court will dismiss all affirmative defenses unless a Rule 30(b)(6) deposition is taken without interruption, except for objections as to privilege or work product, within the next 30 days. Defendant's counsel is cautioned not to make objections or statements such as "outside the scope," "vague and ambiguous," "argumentative," "lacks

foundation," "or assumes facts not in evidence," and not to instruct the witness not to answer.

(4) Pursuant to Rule 37(b)(2)(C), the Court awards reasonable expenses, including attorney's fees, in connection with plaintiff's filing of the motion for sanctions in this case, in an amount to be determined by the Court. Plaintiff may file its application for attorney's fees and costs within 30 days after concluding the Rule 30(b)(6) deposition required herein, or within 30 days of this Order, whichever occurs later, and shall note such application for the third Friday after filing. Any response and any reply shall be filed in accordance with Local Rule CR 7(d).

Dated this 3rd day of August, 2012.

　　　　　　　　　　　　　　　　　　／s／ Thomas S. Zilly
　　　　　　　　　　　　　　　　　　THOMAS S. ZILLY
　　　　　　　　　　　　　　　　　　United States District Judge

ORDER - 7